| | |
|---|---|
| 1 | MICHAEL H. YI (State Bar # 269025) |
| 2 | LAW OFFICE OF MICHAEL H. YI |
|   | 3435 Wilshire Blvd., Suite 1050 |
| 3 | Los Angeles, CA 90010 |
| 4 | Telephone: (213) 377.5447 |
|   | Facsimile:  (213) 377.5448 |
| 5 | myi@yimadrosenlaw.com |
| 6 | |
| 7 | Attorney for Plaintiff, |
|   | CHRISTINA KIMM |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA KIMM, an individual, | CASE NO.: |
| Plaintiff, | COMPLAINT FOR: |
| v. | 1) VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT OF 1990 [42 U.S.C. § 12101, ET SEQ] |
| GALBI BROTHERS, INC., a California corporation; and DOES 1-10, inclusive, | 2) VIOLATIONS OF THE UNRUH CIVIL RIGHTS ACT [CAL. CIVIL CODE § 51] |
| Defendants. | 3) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS |
| | [DEMAND FOR JURY TRIAL] |

## JURISDICTION AND VENUE

1. Jurisdiction in this Court is proper pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because, respectively, this case raises a federal question and seeks equitable relief under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et. seq.

2. Venue is proper pursuant to 28 U.S.C. § 1391(b) because the events giving rise to the claims herein occurred in this district, and the defendants maintain their principal place of business, do business, reside and are present in the Los Angeles Division of the Central District of California.

## INTRODUCTION

3. This case seeks to prevent Defendant GALBI BROTHERS, INC. doing business as "Brother's Barbeque" from continuing to discriminate against Plaintiff and other disabled minorities who use assistance animals to help them manage their disabilities. This is *NOT* an ADA access case; it is a case of outright intentional exclusion brought pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et. seq., and the California Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code§ 51, et. seq.

4. In 1990, the United States Congress made specific factual findings that some 43,000,000 Americans were disabled, and that the number was increasing, as the population grows older. Congress further determined that discrimination against individuals with disabilities was a common occurrence and that discrimination must end because the exclusion and segregation of individuals with disabilities by "public accommodations" was "a serious and pervasive social problem." 42 U.S.C. § 12101(a)(2). Congress determined that this problem was so serious that it required the enactment of powerful legislation, aimed at ending the

discrimination, since individuals who suffer from disability discrimination often have no legal recourse, although they commonly encounter "various forms of discrimination, including outright intentional exclusion." 42 U.S.C. § 12101(a)(5). The Legislature determined in enacting the ADA that disabled people with "service animals" were entitled to the full force and effect of the law. 28 C.F.R. § 36.302(c).

5. As used herein, and as is defined under law, the term "service animal" (as used in 28 C.F.R. § 36.302(c), and defined by 28 C.F.R. § 36.104) includes, encompass and is used interchangeably with the words: "service dog or animal, guide dog or animal, seeing-eye dog or animal, sight dog or animal, hearing dog or animal, signal dog or animal, helping dog or animal, care dog or animal, disability dog or animal, and medical dog or animal."

## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

6. Defendant GALBI BROTHERS, INC. is, and at all times herein was, a corporation organized and existing, and doing business as Brother's Barbeque, under the laws of the State of California, located at 3680 West 6th Street, Los Angeles, California 90020 (hereinafter "the subject property"). This Korean barbeque restaurant is located in a heavily traveled location, in the Koreatown neighborhood of the City of Los Angeles that Plaintiff has visited and would like to visit in the future. Obtaining an injunction in this case is particularly important to Plaintiff because she would like to know other disabled persons with a service dog will not be denied services. Plaintiff is informed and believes and thereon alleges that Defendant GALBI BROTHERS, INC. is, and at all times mentioned herein was, the owner, operator, lessor or lessee of the subject property and facility located at the subject property.

7. Plaintiff is informed and believes, and on that ground alleges, that at all relevant times, Defendant, in the alternative, participated in, directed, authorized,

ratified, controlled, planned, and schemed, aided, and abetted, and, or, otherwise knowingly caused or contributed to said Defendant's acts and omissions herein alleged and Plaintiffs damages herein alleged.

8. At all relevant times, Defendant, organized, owned, operated and, or managed the restaurant commonly known as Brother's Barbeque restaurant within the County of Los Angeles wherein they prepared, offered, sold, and served food and related products and services to the public ("PUBLIC SERVICES").

9. On or about September 23, 2022 at approximately 11:15 a.m., Plaintiff arrived at the Brother's Barbeque restaurant located at 3680 West 6th Street in Koreatown, Los Angeles, California, which is owned, controlled, and operated by Defendant. Plaintiff was, and is, disabled and accompanied by a service dog, which was and is a certified service dog trained to retrieve and assist Plaintiff who uses a wheelchair. As alleged herein, Plaintiff is requesting an injunction to allow her to enter and use Defendant's restaurant with her service dog, so she can return and use the facilities. At all times herein mentioned the laws of the United States and the State of California allowed dogs to be taken by disabled persons into public accommodations for the purpose of using service dogs for personal assistance.

10. When Plaintiff arrived to the subject property to join her friends for a long awaited lunch reunion, Plaintiff was blocked by a male waiter who told Plaintiff, "No animals in the dining area." To this Plaintiff, politely tried to explain her situation by showing the male waiter, her service dog certificate, which indicated that her dog was properly trained to act as a service animal. However, a female waitress intervened and Plaintiff asked her if she could speak with the manager but the female waitress stated that the owner was in Korea and could not be reached at that time. The male waiter returned and began repeating to Plaintiff "No service for you" and further said, "No animal will be entered" to which Plaintiff responded "We are all animals." The male waiter replied, "I am human,

no animal." Then the male waiter stated, "Go somewhere and eat, get out of my restaurant with your dog." When Plaintiff asked for his name, the male waiter stated "Do you have a hearing problem?" At this point, Plaintiff exited the restaurant and into the parking lot where Plaintiff met her guests who realized that they were not welcomed inside the restaurant to dine and left the subject property. This discrimination was once again in direct violation of both the ADA [42 U.S.C. § 12101, et. seq., and 28 C.F.R. § 36.302(c)] and Unruh Act [Civ. Code§ 51, et. seq.].

11. On this occasion, Defendant acted and failed to act as herein alleged based on Plaintiff's physical disability, and medical condition, and because Plaintiff was accompanied by her service dog.

12. In acting and failing to act as herein alleged, Defendant has exposed Plaintiff to embarrassment, humiliation, emotional distress, and trauma, and have caused Plaintiff to suffer injury and loss as a result of depriving Plaintiff of the PUBLIC SERVICES all as herein alleged in great detail. In acting or failing to act as herein alleged, Defendants continue to deprive and chill the exercise and assertion of disabled persons' rights to equal treatment.

## FIRST CLAIM FOR RELIEF
## FOR DISCRIMINATION IN VIOLATION OF
## THE AMERICANS WITH DISABILITIES ACT
### [42 U.S.C. §12101, *et. seq.*]

13. Plaintiff hereby realleges and incorporates paragraphs 1 through 12, as if fully alleged.

14. Plaintiff was denied full and equal access to public accommodations that are owned, leased and/or operated by Defendants, in violation of 42 U.S.C.

§12182(a), and subjected to discrimination as a result of the acts or inaction alleged.

15. Defendant has, and continue to, deny Plaintiff and other disabled people access to Defendant's public accommodations on account of their minority status and use as an assistance animal. At all times alleged herein Plaintiff wanted and would have obtained food and beverage at Defendant's restaurant but for Defendant's conduct as alleged herein. Moreover, Plaintiff intends and would like to visit Defendant's restaurant again in the immediate future, but reasonably believes Defendant's discriminatory policies, practices and procedures would preclude gaining full and equal access to the PUBLIC SERVICES, and Defendant's exclusionary policies, practices and procedures will continue to exist, and result in future instances of discrimination against Plaintiff and others, unless and until Defendant's are enjoined and ordered to cease discriminating.

16. As pled herein, Defendant did, and continue to, discriminate against Plaintiff, and persons similarly situated, by denying disabled persons full and equal access to Defendants' PUBLIC SERVICES, in violation of the ADA.

## SECOND CLAIM FOR RELIEF
## FOR DISCRIMINATION IN VIOLATION OF
## THE UNRUH CIVIL RIGHTS ACT
**[California Civil Code §51, *et. seq.*]**

17. Plaintiff hereby realleges and incorporates paragraphs 1 through 19, as if fully alleged.

18. As alleged herein in greater detail, Defendants have engaged in plan of concealment of their ongoing intention to discriminate and to keep from it being known of their discrimination by setting up a plan with employees and certain agents, to evade legal responsibilities for discrimination by fabricating that signs were supposedly placed to allow disabled persons with service dogs and that

6

employees of Defendants were trained regarding disabled persons with service dogs. Defendants have purchased liability insurance that will defend them from claims of discrimination and pay money to get rid of discrimination claims if made without loss by defendants. As part of scheme of false testimony and fabrication of evidence, Defendants and their agents have had employees falsely testify that they undertook training about allowing service dogs, when in fact no training was conducted. This creation of phony evidence, and the false testimony that went along with it, are acts designed to corrupt the judicial system, to deceive the courts and jurors into believing falsehoods, and were planned by Defendants and certain agents, including attorneys, who acted along with the Defendants. These agents, acted in their capacity as individuals and not in any professional capacity, have worked closely with defendants to create the phony evidence to fabricate a defense and to coordinate false testimony about the training of employees. Defendants and their agents mentioned above, have assisted in fabricating evidence against plaintiff and plaintiff's counsel, to discourage any person or lawyer from complaining of discrimination and to attack and defame anyone who uncovered Defendants' ongoing discrimination. Defendants plan on using the judicial system to defame plaintiff and his attorneys, to discourage any disabled persons from complaining or suing to stop ongoing discrimination.

19. In acting or failing to act, as herein alleged, Defendants have deprived and chilled, and continue to deprive and chill Plaintiff in the exercise of his civil rights and exercise of equal non-discriminatory treatment at Defendants' PUBLIC SERVICES and have greatly injured and interfered with the lives of disabled persons including Plaintiff and others who have not yet been identified.

20. As a direct and proximate result of the Defendants acts and omissions herein alleged, Plaintiff is entitled to a preliminary and permanent order, judgment and decree enjoining and directing Defendants, and all persons and entities acting

in concert with them or subject to their control, to commit or omit (as the case may be) the injunctive relief as set forth in Plaintiffs prayer.

21. By acting and failing to act as herein alleged, Defendants have, and continue to:

    a. Discriminate against Plaintiff and others on account of their disability, within the meaning of California Civil Code § 51, et. seq. and California Government Code § 12926;

    b. Deny Plaintiff and other disabled persons access to Defendants' PUBLIC SERVICES on account of their disability in violation of California Civil Code § 51, et. seq.; and

    c. Deprive Plaintiff and all other persons who are generally disabled and use service animals, or are associated with such disabled persons, of full and equal accommodations, advantages, facilities, privileges and/or services in a business establishment, in violation of California Civil Code § 51, et. seq.

22. As a direct and proximate result of Defendants acts and omissions, as alleged herein, Plaintiff has suffered and incurred, and continues to suffer and incur, damages as set forth in Plaintiffs prayer.

## THIRD CLAIM FOR RELIEF
## FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

23. Plaintiff hereby realleges and incorporates paragraphs 1 through 22, as if fully set forth herein.

24. Discrimination against disabled minorities is anathema in California and throughout the United States and is unusually damaging and degrading to the dignity of all Americans especially those discriminated against, and especially when the discrimination is against a person of using a wheelchair. A disabled

minority is more vulnerable and helpless than the population in general, and hence the discrimination Defendant committed here has been unusually destructive. Given the sad history of discrimination throughout the United States, any discrimination now, in the 21st Century, is by its very nature abhorrent and outrageous, and is conduct that is intolerable and far beyond what is considered acceptable or decent in our society. Further, the acts of discrimination alleged here were unusually damaging to Plaintiff because she had become reclusive during the COVID-19 pandemic and was attempting to be social by venturing into the public arena for the first time since the pandemic began. The discrimination by Defendant, as alleged herein, has interrupted the training of the dog, has diminished the use of the dog, and has prevented Plaintiff from getting the dog well trained as a service dog. As alleged herein, Plaintiff is requesting an injunction to allow her to enter and use Defendant's restaurant with her service dog, so she can return to the restaurant.

25. By committing the acts alleged hereinabove, Defendant has, and continue to:

    a. Deny access to disabled persons, and the Plaintiff herein, to Defendant's PUBLIC SERVICES when the persons are disabled minorities who use a service dog to assist them in managing disabilities, and denying Plaintiff the use of the public facilities for training of his dog to be a fully capable service dog that can assist Plaintiff for her specific needs;

    b. Subject Plaintiff to unequal discriminatory treatment on account of her disabled minority status in violation of the Unruh Civil Rights Act, California Civil Code § 51; and

    c. Refuse to provide Plaintiff and other similar persons full and equal accommodations, advantages, facilities, privileges and/or services in Defendant's business establishment.

26. Plaintiff would like to use Defendant's PUBLIC SERVICES and when an injunction is granted so she has no risk of further discriminatory treatment will use Defendant's business establishment in the manner pleaded hereinabove, but reasonably believes Defendant's discriminatory policies, practices and procedures would or might preclude her from gaining full and equal access, and that Defendant's exclusionary policies, practices and procedures will continue to exist, and result in future discrimination against Plaintiff and others unless and until such time as the Defendant is enjoined.

27. Defendant has failed to make reasonable modifications in policies, practices, or procedures, and such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities and assistance animals, and Defendant cannot demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations.

28. Defendant has failed to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated, or otherwise treated differently than other individuals because of the insistence by Defendant of continuing their practices of discrimination. Here Defendant cannot demonstrate that taking such steps to end discrimination and allow Plaintiff to enter with, use and train his dog, would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden on Defendant.

29. The hereinabove pleaded acts of Defendant, the outright exclusion of Plaintiff by virtue of discrimination against disabled persons when substantially similar persons who are not minorities are welcomed and not turned away, the fabrication of evidence to conceal the wrongdoing are acts that are truly outrageous

and are far beyond the standards of decency permitted in the civilized society of Los Angeles, California.

30. As a direct and proximate result of the acts and omissions, as alleged herein, Plaintiff suffered severe emotional distress and physical injuries that will be proved at the time of trial.

WHEREFORE, Plaintiff prays for relief against each Defendant, as follows:

## PRAYER FOR RELIEF

### AS TO THE FIRST CLAIM FOR RELIEF

(for Discrimination in Violation of the Americans with Disabilities Act)

[42 U.S.C. §12101, *et. seq.*]

1. For the permanent order, injunction and decree set forth below in Plaintiffs second claim for relief.

2. For such other and further relief as is available at law or in equity.

### AS TO THE SECOND CLAIM FOR RELIEF

(for Discrimination in Violation of the Unruh Act)

[Civil Code §51, *et. seq.*]

3. On behalf of Plaintiff pursuant to Civil Code §52, and for the benefit all disabled persons, for a permanent order, injunction and decree enjoining and ordering Defendants, and all persons and entities acting in concert with them, or subject to their control, as follows:

    a. to cease and desist discriminating against Plaintiff and other similarly situated disabled individuals, or those in their company, and denying them access to the Defendants' public accommodations in violation of Civil Code§ 51, et. seq.;

    b. to establish and implement standards, policies and procedures for the supervision and training of personnel at Defendants public accommodations, with respect to the rights of disabled persons, and those in


their company, to have access to Defendants' public accommodations, and access for the purposes of training a service dog, and to be certain that such minorities including Plaintiff are free from discrimination when accompanied by service animals;

    c.    to hire compliance auditors that utilize testers, and conduct inspections, to assure the terms of this injunction are followed;

    d.    to post conspicuously on all places of public accommodation owned, operated, managed, leased, and/or franchised by Defendants, the following sign:



    e.    to record the sign, depicted hereinabove, on the property title of each public accommodation owned, operated, managed, leased and/or franchised by Defendant, and take other steps to assure the sign will not be removed from the physical structure while Defendant occupy the public accommodation; and,

    f.    to take, or refrain from taking, such other actions as the court may direct in furtherance of the foregoing.

4.    Pursuant to Civil Code § 52(b), each Defendant is liable to Plaintiff for each and every offense in violation of Civil Code § 51 and 51.5, as herein alleged, for:

    a.    actual, general and special damages;

b. exemplary damages, as determined by the trier of fact, to punish and deter Defendants wrongful acts; and,

c. Plaintiff's attorney fees and costs.

5. For such other and further relief as is available at law or in equity.

## AS TO THE THIRD CLAIM FOR RELIEF

### (for Intentional Infliction of Emotional Distress Arising from Illegal Discrimination Against A Child)

6. Actual, general and special damages;

7. Exemplary damages, as determined by the trier of fact, to punish and deter Defendants wrongful acts; and

8. For such other and further relief as is available at law or in equity.

Dated: October 25, 2022

Respectfully submitted,

By: _____
Michael H. Yi, Esq.
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, and Local Rule 38-1, Plaintiff hereby requests a jury trial on all issues raised in the instant complaint.

Dated: October 25, 2022

Respectfully submitted,

By: _____
Michael H. Yi, Esq.
Attorney for Plaintiff

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

## VERIFICATION OF COMPLAINT

I, Christina Kimm, the Complainant named in the foregoing Complaint solemnly swear under penalty of perjury under the laws of the United States of America that the facts and allegations contained therein are true, except so far as they are therein stated to be on information and belief.

Executed in Los Angeles, California

Dated: November __18__ , 2022

*Christina H Kimm*
Christina Kimm